UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAY STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01471-JPH-KMB |
| | ) | |
| DAWN BUSS Asst. Superintendant, | ) | |
| KEVIN GILMORE Asst. Sup, | ) | |
| D. ABRAM Classification Sup., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Jay Stokes is a prisoner currently incarcerated at Westville Correctional Facility (Westville). Dkt. 17. Prior to being confined at Westville, he was at Wabash Valley Correctional Facility (Wabash). Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Stokes names the following defendants: 1) Dawn Buss, Asst. Superintendent of Indiana State Prison (ISP); 2) Kevin Gilmore, Asst. Superintendent at Wabash; 3) D. Abram, Classification Superintendent at ISP; 4) G. Crobey at ISP; 5) K. Neal at ISP; 6) A. Mosely, Counselor at Wabash; 7) K. Purcell, Case Manager at Wabash; 8) M. Leohr, Classification Superintendent at Wabash; 9) M. Newkirk, Executive Assistant at Central Office; and 10) J. Porter, Caseworker at Wabash. Dkt. 1 at 1-2. For relief, he seeks compensatory and punitive damages. *Id.* at 10.[1]

On November 24, 2022, Mr. Stokes was removed from general population at ISP and placed in administrative segregation for reasons unknown to him. Dkt. 1 at 4. On December 5, 2022, Ms. Buss recommended him for placement in Department Wide Restrictive Housing at Wabash. *Id.* On December 8, 2022,

---

[1] Although Mr. Stokes sues the defendants in their official and individual capacities, he does not seek injunctive relief, so there is no need to sue them in their official capacities. *See Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) ("In an individual capacity suit, a plaintiff may only seek monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief.").

Mr. Crobey presented Mr. Stokes with a Report of Classification Hearing. *Id.* at 5; dkt. 1-1 at 5. The reasons given for the transfer were "poor adjustment," "inst. security," "additional observation needed," "recent negative adjustment," and "failure to adjust." *Id.* (referring to Report of Inter-Institutional Transfer, dkt. 1-1 at 6). Defendants Abram, Crobey, and Neal also participated in Mr. Stokes' transfer to Wabash. Dkt. 1 at 3. In response to Mr. Stokes' classification appeal, Mr. Newkirk informed Mr. Stokes that he was placed in restrictive housing for the safety and security of the facility. Dkt. 1-1 at 8. Mr. Gilmore denied Mr. Stokes' classification appeal. Dkt. 1 at 6.

Mr. Stokes was placed in the secured housing unit (SCU) at Wabash, in administrative segregation, from December of 2022, until July 31, 2023. Dkt. 1 at 7. During the months he was in segregation, he received one meaningful review, July 31, 2023, which led to his being recommended for release to general population. Dkt. 1 at 8; dkt. 1-1 at 15. He alleges that the series of 30-day reviews provided by defendants Moseley, Purcell, Porter-Marts, prior to July of 2023, were not "meaningful." Dkt. 1 at 8.

### III. Discussion of Claims

The Court finds no allegations of wrongdoing against defendant Leohr in the complaint. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Accordingly, any claim against defendant Leohr is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Stokes alleges that his due process rights were violated when he was placed in segregation in December of 2022 and when he was denied meaningful periodic reviews through July 31, 2023, a period of 7.5 months. His Fourteenth Amendment due process claims **shall proceed** against defendants Buss, Abram, Crobey, Neal, Gilmore, Newkirk, Moseley, Purcell, and Porter-Marts.

This discussion includes all the viable claims identified by the Court. Any other claims are dismissed. If Mr. Stokes believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through October 6, 2025,** in which to file a motion to reconsider the screening Order.

### IV. Conclusion and Service of Process

Mr. Stokes' due process claims are proceeding in this action against defendants Buss, Abram, Crobey, Neal, Gilmore, Newkirk, Moseley, Purcell, and Porter-Marts.

All other claims have been dismissed.

**The clerk is directed** to add the following defendants to the docket: G. Crobey, ISP; K. Neal, ISP; A. Mosely, Counselor, Wabash Valley; K. Purcell, Case Manager, Wabash Valley; M. Newkirk, Executive Assistant, Central Office; and J. Porter, Caseworker, Wabash Valley. *See* dkt. 1 at 2.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Buss, Abram, Crobey, Neal, Gilmore, Newkirk, Moseley, Purcell, and Porter-Marts in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 28, 2024, dkt [1], applicable forms (Notice of

Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/11/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAY STOKES
113391
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic service to Indiana Department of Correction:

Dawn Buss
D. Abram
G. Crobey
K. Neal
   (All at Indiana State Prison)

Kevin Gilmore
A. Moseley
K. Purcell
J. Porter-Marts
   (All at Wabash Valley Correctional Facility)

M. Newkirk
   (At IDOC Central Office)